UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HE SONG DONG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 2:22-CV-153-PPS-JPK ) |
| UNITED STATES OF AMERICA and DRUG ENFORCEMENT ADMINISTRATION, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff, He Song Dong, filed a Petition for the Return of Seized Property under Federal Rule of Criminal Procedure 41(g) seeking the return of approximately $244,00.00 in U.S. currency that was seized from him after an alleged illegal stop and search of his vehicle. [DE 1.]  The problem is, despite receiving notice from the Drug Enforcement Administration of the impending forfeiture of the money, he chose to file something called a "Petition for Remission" with the agency instead of a claim challenging the forfeiture.  That choice dictates the result in this case under clear and recent authority from the Seventh Circuit.  But accepting what is in the complaint as being true, the notion that the government can seize $244,000 in cash from someone without probable cause and then hide behind some abstruse notice in precluding judicial review leaves me troubled.  Nevertheless, I must dismiss the complaint for the reasons outlined below.[1]

---

[1] Even though the document instituting this case is styled as a "Petition," I will refer to it as the "complaint" to avoid confusion with the Petition for Remission.

Dong is a permanent legal resident of the United States and a native of the People's Republic of China. [*Id.* at 1.] Mandarin is his native language, and he has a limited understanding of English. *Id.* On November 30, 2021, Dong started driving from Chicago, Illinois, to Birmingham, Alabama. [*Id.* at 2.] According to the complaint, Dong had visited friends in Chicago who loaned him money to purchase a restaurant in Birmingham, and he was on his way to Birmingham with the cash when he was pulled over for a routine traffic stop (the ubiquitous "improper lane change") on I-80 in northern Indiana. [*Id.* at 2-3.] Dong was stopped by officers of the Indiana State Police. [*Id.* at 3.] They removed him from his vehicle and sat Dong in the police cruiser to answer questions, but Dong struggled to understand the officers. *Id.*

Even though Dong was stopped by the Indiana State Police, somehow or another the Drug Enforcement Administration quickly got involved. We know this because it was a DEA Task Force Officer, Dave Murray, who arrived at the scene a short while after the stop and conducted a warrantless search of the vehicle with the assistance of a K-9 unit. *Id.* (Whether the stop by ISP was a pretext done at the behest of the DEA seems likely but is unknown.) The search of the car led to the recovery and seizure of three cell phones[2] plus the $244,000 in cash. [*Id.* at 3-4.] As for what happened to Dong

---

[2] Defendants promised in their memorandum that the DEA would return the three cell phones [DE 9 at 2], and Mr. Dong responded that the DEA only recently returned the phones to his counsel. [DE 11 at 4.] Consequently, the request for the return of the cell phones is now moot.

2

that day, he was issued a traffic warning for allegedly failing to signal a lane change and was released without further charges. [*Id.* at 3.]

The United States has not charged Dong with any drug related offense. But DEA obviously believes the money seized from Dong is drug related in some way and therefore subject to forfeiture. Dong claims, on the other hand, that he has nothing to do with the drug trade and that his story about his intention to buy a restaurant with money loaned to him by friends is well supported by the affidavits he attached to the complaint. [*See* DE 1 at 2, DE 1-1 - 1-4.] So based on the pleadings, there appears to be a genuine dispute over whether the seized money is drug proceeds or not, and an evidentiary hearing in court would sort it all out. Well, looks can be deceiving.

On January 11, 2022, the DEA sent written notice of seizure of the $244,000 by certified mail to three addresses located for Dong. [DE 9-1 at 3.] Dong concedes that he received the Notice of Seizure of Property. [DE 1 at 4.] The Notice explained the forfeiture of property, and outlined the two choices Dong had in trying to get his money back from the government.

The first section of the Notice, instead of telling the reader how to contest the forfeiture by filing a claim, describes an option only Kafka would love: something called a "Petition for Remission." I have long thoughts whether a person of average intelligence would know what that odd phrase means. The Notice attempts to provide the definition but only in an equally obscure way by advising the reader that a Petition for Remission is a "pardon of the property . . . from the forfeiture." [DE 9-1 at 6.] Put

3

more plainly, what it really means is that when someone files a petition for remission, they are essentially *agreeing* to the forfeiture of their property and only seeking the government's after the fact mercy (the so-called "pardon") in getting the property returned to them. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1243 (9th Cir. 2011) (noting the "two remedies are distinct. A petition for remission asks the agency for discretionary return of the property, while a claim initiates the judicial process to decide whether the property should be forfeited."); *Starwood Mgmt., LLC v. United States*, No. CV-12-00289-TUC-CKJ, 2012 WL 6596635, at *2 (D. Ariz. Dec. 17, 2012) (explaining that "[a] petition for remission seeks the discretionary return of the property from the agency and a claim initiates the judicial process to decide whether the property should be forfeited").

Section two of the Notice lays out the second option a person has in trying to get their property back. This is the portion of the Notice that told Dong how to contest the forfeiture. Here's what it says:

> **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM**. *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

[DE 9-1 at 7 (emphasis in original).] The Ninth Circuit has concluded that the Notice is confusing, albeit in an unpublished opinion: "[t]he notice sent to Barnes is quite problematic. It does not identify the main distinction between the two routes for forfeiture." *United States v. Barnes*, 647 F. App'x 820, 821 (9th Cir. 2016). It's

"problematic" in part because the Notice states that a party can file *both* a petition for remission and a claim. It says: "You may file **both** a claim (see section II below) **and** a Petition for Remission or Mitigation (Petition). **If you file only a petition** and no one else files a claim, **your petition will be decided by the seizing agency**." [DE 9-1 at 6 (emphasis added).] But as *Barnes* points out, the Notice fails to explain what happens to the petition for remission if a claim is also filed. *Barnes*, 647 F. App'x at 821. We know from federal law that if one opts to file a claim, the administrative forfeiture must stop and the seizing agency has to either return the property or file a civil forfeiture action. 18 U.S.C. § 983. As another court noted: "as a practical matter, filing a claim to contest the forfeiture in court ends the administrative process from which an owner would petition for remission." *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 889 n.1 (D.C. Cir. 2009). All of which begs the question why the Notice has this unhelpful surplusage.

Another confusion in the Notice stems from the fact that what is required of a claimant under either option is very similar. The Notice states that if a claimant opts to file a petition for remission, "[t]he petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of property. . . " [DE 9-1 at 6.] If, on the other hand, one chooses to file a claim, the Notice instructs you to "state your ownership or other interest in the property. . . " [*Id.* at 7.] A reasonable person might wonder what is the difference between these two options since what the government is asking for is similar on both. In short, while I now understand

5

the distinction between the two options (after reading the relevant statutes and doing some research), I must admit that at first glance it was unclear to me how the two options differed.

The problems with the Notice are exacerbated by the fact that under federal law people are required to move swiftly when their property has been seized. Petitions for remission must be filed within *30* days of receipt of the notice. *See* 28 C.F.R. Parts 8 and 9; DE 9-1 at 6. Claims, on the other hand, must be filed within 35 days of the date of the notice — February 15, 2022 in Dong's case. 18 U.S.C. §983(a)(2); DE 9-1 at 7.

Back to the story: Dong took action in time by hiring counsel from Barnes & Thornburg to challenge the seizure and get his money back. His lawyer made the decision to timely file a "Petition for Remission" and forego filing a claim. [DE 1-5.] At the hearing, Dong's counsel told me he thought filing the petition for remission would speed things along as compared to filing a claim. As is alluded to above and will become crystal clear in a moment, that choice has monumental consequences to an individual's ability to later challenge a seizure in court. DEA received the Petition for Remission filed electronically by Dong's attorney on February 9, 2022. [DE 9-1 at 4.] Far from being "more speedy" as Dong's counsel thought, DEA did precisely nothing for more than five months. [DE 11 at 1.] DEA's inaction is what finally prompted Dong's counsel, on June 6, 2022, to file the complaint presently before me for the return of money pursuant to Rule 41(g). [DE 1.]

6

The complaint states that Dong filed a "claim with the DEA to retrieve his money," but this is simply wrong and demonstrates counsel's fundamental misunderstanding of the process. What Dong actually filed, as noted above, was a Petition for Remission, not a claim. [DE 1 at 4, DE 1-5, DE 9-1 at 4.] In fact, it is undisputed that Dong never filed a claim to contest the forfeiture before the seizing agency (DEA) or in district court. As noted above, had he filed a claim, the government would have been required to respond within 90 days by either returning the property or instituting civil forfeiture proceedings in this court. *See* 18 U.S.C. § 983(a)(3)(A). But because he filed a petition for remission instead, the DEA is under no obligation to process Dong's petition in any set period of time. *See* 28 C.F.R. § 9.3(e)(2)(g).

Seven weeks *after* Dong filed his complaint in this case, on July 26, 2022, the administrative forfeiture of the $244,000 was finalized. [DE 9 at 4; DE 9-1 at 4.] The government claims the forfeiture was pursuant to 19 U.S.C. § 1609, and was proper since it did not receive any properly executed claim—not from Dong or anyone else—and the time limit for doing so has expired. *Id.*

The government filed a response to Dong's complaint, and that response is essentially a motion to dismiss. [DE 9.] I held an in person hearing on this matter on January 17, 2023, during which both parties presented argument. As noted above, counsel for Dong explained that he chose to file a Petition for Remission with DEA instead of filing a claim, believing this route would be easier and cheaper. The government says that choice means Dong is out of luck, at least as it relates to seeking

7

judicial relief. His only hope of getting his money back is if DEA grants his Petition for Remission, which, incredibly, is still pending in the agency some 12 months after having been filed.

The government contends that the court lacks jurisdiction over this Rule 41(g) motion for return of the currency. Specifically, it claims that when Mr. Dong failed to timely file a claim to contest the forfeiture of the seized funds (and instead filed a Petition for Remission), the DEA had the discretion to administratively forfeit his funds. [DE 9 at 4.] It is true that under Rule 41(g), a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." But as the Seventh Circuit just recently stated, "[t]his rule is properly invoked to request the return of seized property *before* forfeiture proceedings have been initiated." *Troconis-Escovar v. United States*, __ F.4th __, 2023 WL 1425776, at *2 (7th Cir. Feb. 1, 2023) (emphasis in original). *Troconis-Escovar* went on to explain that "[t]he condition that a claimant must first file a claim with the seizing agency in order to contest a pending forfeiture functions as a kind of administrative exhaustion requirement. So long as a claimant was afforded adequate notice of the pending forfeiture, she may not seek relief in federal court in a manner that bypasses the statutorily prescribed process for contesting the forfeiture." *Id.* at *3.

The decision to file a petition for remission holds a weighty consequence. The Seventh Circuit has historically held that the district court is divested of subject matter jurisdiction upon the initiation of an administrative forfeiture proceeding and

8

jurisdiction will only arise if there is a timely claim filed. *See, e.g., Mohammad v. United States*, 169 F. App'x 475, 480 (7th Cir. 2006) (stating "by sending notice of a seizure and proposed forfeiture to parties known to be interested in the property and publishing notice to all others in a newspaper - an agency holding seized property divests the district court of subject matter jurisdiction to review the forfeiture" and "[t]he district court remains without jurisdiction unless an interested party timely submits a claim and posts a bond with the seizing agency"); *United States v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated . . . ."); *United States v. Burns*, No. 99-1585, 2000 WL 374283, at *2 (7th Cir. Apr. 7, 2000) (finding "[b]y initiating administrative forfeiture proceedings, an agency that has seized property divests the district court of subject matter jurisdiction over the forfeiture").

Many other courts have arrived at the same conclusion holding that once the DEA has commenced and administratively forfeited the property (like Mr. Dong's money in this case), the court lacks subject matter jurisdiction over a Rule 41(g) petition. *See, e.g., Wilson v. United States*, No. 21-cv-1955, 2022 WL 2072998 (N.D. Il. June 9, 2022); *Troconis-Escovar v. United States*, No. 21-cv-01989, 2022 WL 1078208 (N.D. Ill. Mar. 31, 2022), *aff'd*, 2023 WL 1425776 (7th Cir. Feb. 1, 2023); *Rivera-Bridigo v. Forfeiture Counsel*, No. 13 C 8921, 2014 WL 2769154 (N.D. Ill. June 18, 2014); *United States v. Ademiju*, No. 15 CR 120, 2015 WL 4116830 (N.D. Ill. July 6, 2015).

There is one nuance to all of this as pointed out in *Troconis-Escovar*. The Seventh Circuit recognized a disagreement between the Eleventh Circuit and the Ninth Circuit about the "proper characterization of the CAFRA [Civil Asset Forfeiture Reform Act of 2000] process: does it strip courts of jurisdiction to hear challenges that fall outside of section 983(e)'s ambit, or does it establish a mandatory claims-processing rule?" 2023 WL 1425776, at *3. After a thoughtful analysis on this subject, the Seventh Circuit concluded: "[w]e need not decide this unbriefed question now. The difference between a jurisdictional bar and a mandatory claims-processing rule can be critical to a case's outcome. But it is largely inconsequential where, as here, the government has not waived its enforcement of the precondition." *Id.* at *4. Ultimately, the Seventh Circuit amended the district court's dismissal for lack of subject-matter jurisdiction to a dismissal with prejudice since Troconis-Escovar unsuccessfully argued the DEA's notice was untimely, and it understood that as a challenge to the sufficiency of the notice. *Id.* at *5. Thus, the Court punted on the issue of whether dismissals in this type of situation should be on jurisdictional grounds or on the merits. Either way, *Troconis-Escovar* is controlling here and dictates the result. Because Dong filed an administrative petition for remission and not a claim, his petition seeking judicial relief must be dismissed.

Dong makes a couple arguments as to why that conclusion is incorrect, but none give him traction. First, he argues that I retain equitable jurisdiction to hear his Rule 41(g) petition. [DE 11 at 2-3.] Although Dong cites *Mohammad* in support of this proposition, that case very clearly provides "[b]y initiating administrative forfeiture

10

proceedings . . . an agency holding seized property divests the district court of subject matter jurisdiction to review the forfeiture." *Mohammad*, 169 F. App'x at 480.  It also noted, "we have moved away from the idea of 'equitable jurisdiction' in cases like this one" instead recognizing that courts still had the ability to decide the narrow question of whether the notice of the property seizure and administrative forfeiture proceeds was constitutionally deficient under the general federal-question statute.  *Id.* at 481.  The *Mohammad* court found the notices were **not** confusing, ruling they were "not persuaded by [plaintiff's] suggestion that the forfeiture statutory scheme is confusing and contradictory" and finding the notice sent (similar to the one mailed to Mr. Dong in this case) was clear.  *Id.* at 482.  The *Mohammad* court only found the district court had jurisdiction because the claimant filed suit in district court before the deadlines to submit claims with the DEA had expired, and she had talked with an AUSA who arguably misled her about how to file a claim.  *Id.* at 482-83.

      Dong also argues that I should hear this matter because he has no adequate remedy at law. [DE 11 at 3-5.]  But he did have an adequate remedy:  he could have filed a claim instead of a petition for remission and the matter would have been fought out in district court.  And he still has some remedy.  Although there is no specified time frame, the DEA must still investigate the merits of his petition and it may prepare a written report containing the results of the investigation, and then a ruling official issues a ruling on the petition.  28 C.F.R. § 9.3(f), 9.3(g), 9.7(a)(1).  If Mr. Dong's petition is ultimately denied, he may request the DEA to reconsider, which would be decided by

11

a different ruling official than the one who made the initial ruling. *Id.* §§ 9.3(i), (j)(2). *See Linarez v. United States Dep't of Justice*, 2 F.3d 208, 213 (7th Cir. 1993) (finding the plaintiff "cannot show that he had an inadequate legal remedy, for he could have sought recovery of his currency in the administrative proceeding by raising the very same claims that he raised in his complaint in the district court. In sum, the district court was divested of jurisdiction over the forfeiture of [plaintiff's] currency when the DEA instituted administrative forfeiture proceedings.").

Dong does not allege deficient notice, or that he was misled by a government agent about how best to proceed. So as in *Troconis-Escovar*, counsel's failure to file a timely claim either divested this court of jurisdiction, or renders his claim without merit. *Troconis-Escovar*, 2023 WL 1425776, at *2. Either way, his complaint must be dismissed.

\* \* \*

Before closing, it is worth asking why so many people, lawyers included, are confusing the "Petition for Remission" process, on the one hand, with the "Claim" process on the other? The road is littered with people who have fallen into the similar trap as Mr. Dong. And many of those people had the benefit of a lawyer. *See, e.g., Troconis-Escovar*, 2023 WL 1425776, at *2 ("His attorney just made a mistake . . . " in choosing to file a petition for remission instead of a claim); *Curry v. United States*, No. 22-cv-299, 2022 WL 2986712, at *6 (E.D. Pa. July 28, 2022) (petition for remission filed by lawyer who later argued the process was arbitrary and capricious); *Mohammad*, 169 F.

App'x at 481-83 (confusion by a lawyer and an assistant United States attorney over how to file a claim); *Wilson*, 2022 WL 2072998, at *1 (lawyer confusion over claim versus petition for remission leads to dismissal); *In re Seizure of $143,265.78 from Checking Account No. 1851349546 and $28,687.40 from Checking Account No. 1080022185,* 384 F. App'x 471, 473-75 (6th Cir. 2010) (unpublished) (bank and lawyer fail to properly prosecute forfeiture claim); *United States v. Barnes*, 647 F. App'x 820, 821 (9th Cir. 2016) (Ninth Circuit notes the confusion in the Notice but party never argues the point); *Malladi Drugs*, 552 F.3d 885 (multinational company loses judicial challenge to forfeiture because it opted for a petition for remission); *Martin v. Leonhart*, 717 F. Supp. 2d 92, 99-100 (D.D.C. 2010) (lawyer's lack of precision in describing his letter to DEA as a "claim" results in dismissal); *Bullock v. United States*, 176 F. Supp. 3d 517 (M.D. N.C. 2016) (claim of confusion between "petition for remission" and a "claim" denied); *In Re Search Warrants*, 553 F. Supp. 2d 879, 883-84 (E.D. Mich. 2008) (court dismisses argument that Notice of forfeiture was confusing despite sophisticated CEO's argument to the contrary); *Frazier v. United States*, No. CV 214-024, 2015 WL 1505969, at *1-2 (S.D. Ga. Mar. 31, 2015) (lawyer confusion between "petition for remission" and "claim"); *Aquasviva v. U.S. Drug Enforcement Admin.*, No. 02 Civ. 3076(TPG), 2004 WL 1900341 (S.D. N.Y. Aug. 24, 2004) (obvious lawyer confusion between petition for remission and claim results in dismissal).

    As I noted above, Dong has not made an argument that the Notice was unconstitutionally defective but it seems to me the clarity of the Notice lurks in the

background here and in many other cases. While in a "hierarchical system" of courts I am bound to follow the decisions of the Seventh Circuit, whether or not I agree with them, *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004), I'm highly skeptical whether the Notice routinely used by DEA to deprive people of their property is as clear as many courts have confidently said it is.

## Conclusion

For the reasons set forth above, Dong's Petition for Return of Property under Rule 41(g) [DE 1] is DENIED, and this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. While *Troconis-Escovar* raises the question whether dismissals in this type of situation should be on jurisdictional grounds, or on the merits, because that case does not answer the question, I will follow the earlier caselaw which makes clear that dismissals in this type of circumstance should be on jurisdictional grounds. Either way, the distinction is unimportant in this case. The Petition [DE 1] is DISMISSED for lack of jurisdiction, and the Clerk is ORDERED to CLOSE this case.

ENTERED: February 14, 2023.

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT